UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AVA DAWN MURRAY, on behalf of herself, individually,
and on behalf of all others similarly-situated,

                                 Plaintiff,

              -against-

AMBASSADOR COLLEGE BOOKSTORES INC.,

                           Defendant.
------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

Plaintiff, AVA DAWN MURRAY ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against AMBASSADOR COLLEGE BOOKSTORES INC., ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1.    This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate

information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff commenced her employment with Defendant - - a company that provides book fulfillment and management services to schools and colleges - - as a client service specialist on or about June 21, 2008, and she remains employed in this capacity for Defendant as of the date of filing of this Complaint. As described below, and as is relevant here, from at least March 5, 2012 until the end of June 2016 ("Relevant Period"), at which time Defendant reclassified the position without making any change to the job's duties, Defendant intentionally misclassified Plaintiff as exempt, and as a result, willfully failed to pay Plaintiff the wages lawfully due to her under the FLSA and the NYLL. Specifically, during the Relevant Period, despite that Plaintiff performed primarily non-exempt duties, Defendant required Plaintiff to work more than forty hours per workweek while paying her a flat weekly salary intended to cover only her first forty hours worked per week, and thus intentionally failed to compensate her at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half her straight-time rate for each hour that she worked per week in excess of forty.

3. Additionally, Defendant failed to provide Plaintiff with accurate wage statements on each payday, as the NYLL requires.

4. Defendant paid and treated all of its client service specialists in this same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff

brings her claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.   The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.      At all relevant times herein, Plaintiff worked and continues to work for Defendant in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10.      At all relevant times herein, Defendant was and is a New York corporation with its principal place of business located at 445 Broad Hollow Road, Melville, New York 11747.

11.      At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA and the NYLL.   Additionally, Defendant's annual business exceeded and

3

exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and conducts business across state lines, such as by servicing schools and colleges located in various states, such as Virginia, Georgia, and Missouri, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and FLSA Plaintiffs, are required, on a daily or near daily basis, to service customers who are located out-of-state. This independent subjects Defendant to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, from  the beginning of the applicable FLSA limitations period until the end of June 2016, performed any work for Defendant in the position of client service specialist, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

13.     Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

4

14.     At all relevant times herein, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and chooses not to do so.

15.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

16.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

17.     Under FRCP 23(b)(3), Plaintiff must plead that:

    a.     The class is so numerous that joinder is impracticable;

    b.     There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.     Claims or defenses of the representative are typical of the class;

    d.     The representative will fairly and adequately protect the class; and

    e.     A class action is superior to other methods of adjudication.

18.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees, who during the Relevant Period, performed any work for Defendant in the position of client service specialist in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

19.     During the previous six years Defendant has, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

20.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendant required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendant failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether the Defendant furnished Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether the Defendant kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (7) whether the Defendant kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (8) whether the Defendant has any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

21.     As described in the "Background Facts" section below, the Defendant employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs worked for Defendant as client service specialists and Defendant did not pay them overtime pay for all

hours worked in a week over forty and/or provide them with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty, and to be furnished with accurate wage statements on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendant's failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation, due to the Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendant's defenses to those claims.

Adequacy

22.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout the Relevant Period. Indeed, during the Relevant Period, Defendant did not pay Plaintiff overtime for all hours worked over forty in a week, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendant's Answer. Thus, Plaintiff would properly and adequately represent the employees whom Defendant subjected to the same treatment alleged herein.

23.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

Superiority

24.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the

7

Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by any client relations specialist who worked for the Defendant at any time during the Relevant Period would be identical to a suit brought by any other similar employee for the same violations as alleged herein.  Thus, separate litigation would risk inconsistent results.

26.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## **BACKGROUND FACTS**

27.     Defendant provides book fulfillment and management services to schools and colleges in several states, including New York, Virginia, Georgia, and Missouri.  Defendant's principal place of business is located at 445 Broad Hollow Road, Melville, New York.

28.     Plaintiff commenced her employment with Defendant as a client service specialist on or about June 23, 2008, working in Defendant's Melville office, and she remains employed in this capacity for Defendant at that office as of the date of filing of this Complaint.

29.     As a client service specialist, Plaintiff's primary duties - - both before, during, and after the Relevant Period - - have consisted of assisting clients, contacting book publishers regarding prices, ordering books, preparing electronic books, and preparing criteria for course requirements before each semester.

30.     During the Relevant Period, Defendant required Plaintiff to work, and Plaintiff did work, five days per week, from around 8:00 a.m. until between 5:30 p.m. and 6:30 p.m. each day, while providing her with a scheduled or uninterrupted fifteen-minute break during each

workday.  Thus, by approximation, Defendant required Plaintiff to work, and Plaintiff did work, between forty-six hours and fifteen minutes and fifty-one hours and fifteen minutes per week.

31.     In exchange for her work, Defendant paid Plaintiff a flat weekly salary of: $800.00 during 2012; $825.00 during 2013; $850.00 during 2014; $860.00 during 2015; and $872.00 from in or around January 2016 until the end of June 2016.  Plaintiff's weekly salary was intended to and did only cover the first forty hours that Plaintiff worked each week, and yields a regular hourly rate of: $20.00 for 2012; $20.63 for 2013; $21.25 for 2014; $21.50 for 2015; and $21.80 from January 2016 through June 2016.

32.     Although the duties associated with the position did not change, beginning in July 2016, Defendant reclassified the client service specialist position, and began paying all those in that role, including Plaintiff, at an hourly rate for the first forty hours worked per week and at a rate of one-and-one half times the regular rate for all hours worked in a week in excess of forty.

33.     But during the Relevant Period, Defendant did not pay Plaintiff at any rate of pay for any hours that she worked in a week in excess of forty, let alone her legally-mandated overtime rate of: $30.00 for 2012; $30.95 for 2013; $31.88 for 2014; $32.25 for 2015; and $32.70 from January 2016 through June 2016.

34.     By way of example only, during the week of June 20 through June 26, 2016, Defendant required Plaintiff to work, and Plaintiff did work, Monday, Tuesday and Friday from 8:00 a.m. until 5:30 p.m., and Wednesday and Thursday from  8:00 a.m. until 6:00 p.m., providing one fifteen-minute break per day.  Thus, adding up the hours for this representative workweek, Plaintiff worked forty-eight hours and fifteen minutes over the course of five days. For her work that week, Defendant paid Plaintiff $872.00, which covered only the first forty

hours that Plaintiff worked.  Defendant did not pay Plaintiff at any rate, and thus not at her overtime rate of $32.70, for any hours that Plaintiff worked in excess of forty that week.

35.    Defendant paid Plaintiff on a weekly basis.

36.    During the Relevant Period, on each occasion when it paid Plaintiff, Defendant failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her actual hours worked for that week, or an accurate listing of her hours worked to be paid at the overtime or straight-time rate of pay.

37.    Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

38.    Defendant acted in this manner to maximize its profits and minimize its labor costs and overhead.

39.    Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

### <u>FIRST CLAIM FOR RELIEF AGAINST DEFENDANT</u>
*<u>Unpaid Overtime under the FLSA</u>*

40.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

42.    As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

44.     Defendant willfully violated the FLSA.

45.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

46.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime under the NYLL and the NYCCRR*

47.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

49.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

50.     As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

11

51.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCCRR's overtime provisions.

<u>**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**</u>
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

53.     Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

55.     As described above, Defendant, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

56.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

57.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages

paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

   g.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

   h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as reasonable attorneys' fees, and an award of a service payment to Plaintiff;

   i.  Designation of Plaintiff and her counsel as class/collective action representatives under the FRCP and the FLSA;

   j.  Pre-judgment and post-judgment interest, as provided by law; and

   k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
   March 6, 2018

       Respectfully submitted,

       BORRELLI & ASSOCIATES, P.L.L.C.
       *Attorneys for Plaintiff*
       1010 Northern Boulevard, Suite 328
       Great Neck, New York 11021
       Tel. (631) 248-5550
       Fax. (631) 248-6027

    By:           
      TAYLOR M. FERRIS (TF 4799)
      ALEXANDER T. COLEMAN (AC 8151)
      MICHAEL J. BORRELLI (MB 8533)